## CHARLES F. ILLETT v. NORTH STAR FARMERS MUTUAL INSURANCE COMPANY.[1]

June 15, 1923.

No. 23,451

**Insurance policy against hail in force at time of loss.**

1. In an action to recover upon a policy of hail insurance, it is *held* that, although there was default on the part of plaintiff in the payment of a premium due on the policy before the loss was suffered, such default existing at the time of the loss, the policy was then in force, for it had not been canceled in the manner and form provided by the contract.

**Insurance not canceled by failure to pay premiums.**

2. Under the terms of the policy, also the by-laws, which form part of the contract, the failure to pay the premium operated to suspend plaintiff's membership in the company, but not to cancel or annul the insurance rights thereby granted.

**Cancelation of insurance contract.**

3. The latter rights could be canceled only by written notice as provided by the policy.

Action in the district court for Redwood county to recover $798 upon a policy of hail insurance. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss, and at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiff's motion for a directed verdict in some amount, leaving the jury to determine the amount, and a jury which returned a verdict for $470.45. Defendant's motion for judgment

[1]Reported in 194 N. W. 1.

notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*A. C. Doliff,* for appellant.

*A. R. A. Laudon,* for respondent.

BROWN, C. J.

Action to recover upon a hail insurance policy in which plaintiff had judgment from which defendant appealed.

The facts are not in dispute. Defendant is a farmers' mutual insurance company, organized and operating under the laws of this state. Plaintiff is a farmer of Redwood county, and on June 26, 1920, applied to defendant for and defendant issued to him a policy of insurance, therein and thereby contracting to indemnify plaintiff for loss or injury to his crops from hail. The policy is in the usual form of such contracts and in conformity with the regulatory statutes of the state. The policy was made to extend over a period of 5 years, with an annual premium of $33.60 due and payable on November 1 of each year, commencing on that date for the year 1920. Promissory notes for the premiums were executed and delivered to the company by plaintiff at the time of the transaction. The first premium note fell due November 1, 1920. It was not paid. Early in July, 1921, plaintiff suffered a loss to his crops by hail, and at once notified the company of the fact. The company refused to recognize or admit liability, for the reason that plaintiff had not paid the premium so due, insisting that the policy had for that reason become suspended or automatically canceled. In September, 1921, some 2 months after the loss and after the company had rejected the claim for indemnity, plaintiff paid to the company the overdue premium, and then brought this action to recover for the loss so occasioned to his crop. Issues were joined by proper allegations in the answer. At the trial the court ruled that the policy was still in force notwithstanding the default in the payment of the premium, so instructed the jury, leaving to them the extent of loss; that being the only litigated question of fact remaining in the case.

The correctness of the charge to the jury that the policy remained in force notwithstanding the failure of plaintiff to pay the premium note, due long prior to the date of the loss suffered by him, presents the only question on this appeal. We answer it in harmony with the views of the learned trial court.

The contention of defendant that the policy was not in force at the time of the loss is predicated on the terms of section 4 of article 11 of the by-laws of the company, which are made a part of the insurance contract, and efforts made by the officers of the company to collect the premium in question. The by-law provides as follows:

"All premiums, assessments and membership fees, shall be payable at the business office of the company on the first day of November of each year, and should any member fail to pay any premium or assessment levied by this company for losses and expenses within thirty days from the time of such notice (notice of assessment), but not prior to the first day of November, he shall stand suspended until such premium or assessment is paid in full."

The section further provides that when default is made in the payment the secretary shall immediately serve by mail on the delinquent member a second notice, upon the receipt of which, the policy declares, "the member shall * * * remit the amount to the secretary immediately;" and, should he fail to do so before November 20, "the secretary shall send him a third notice, adding such penalty or collection fee as may be permitted by law."

If the premium still remains unpaid, the by-law in effect continues the right in the company to recover the same by suit; and if suit be brought for that purpose, the member is made liable therefor, together "with penalty, and all costs of said suit, including a reasonable attorney's fee."

The several notices thus required were all sent to plaintiff, but no response thereto in the form of payment was made by him until, as heretofore stated, he had suffered the loss complained of. He then paid the amount, which the company accepted and retained. He claims to have been granted an extension of time. But that was controverted on the trial and is here of no importance.

Although it is clear that the default of plaintiff in the respect stated operated ipso facto to suspend him from his status as a member of the company, a forfeiture of insurance rights, in view of other provisions of the contract, does not necessarily follow therefrom. The contract, as held by the trial court, recognizes separate rights in that respect. The member, when not under suspension, has a voice in the management of the affairs of the company, in the participation at the annual and other meetings, and the election of officers and directors. He also has the right of insurance, an incident to his membership, which the policy does not declare lost by a mere suspension of membership. That might follow in a given situation in a like contract with different stipulations, but is forestalled here by express provisions relative to the cancelation and termination of insurance rights. The provisions of the contract in this particular are as follows:

"Membership in the company and any or all insurance carried by the member may be terminated by the company by giving ten days' notice to the assured by registered mail to his last known address as shown by the records of the company, together with cash or company's check for the unearned portion of the premiums actually paid by the assured, and such cancelation shall be without prejudice to claim originating prior thereto."

The policy in this particular, except as to the time, is in accord with G. S. 1913, §§ 3305 and 3306, by which the right to cancel insurance contracts of the kind is expressly granted, with restrictions therein stated. The policy in suit provides for a 10-days' notice, while 60 days is the time fixed by the statute. But, to render the cancelation effective either under the terms of the policy or the provisions of the statute, the unearned portion of the premium previously paid must be returned to the insured. If promissory notes were given for the different instalments of the premium, they must under the statute as well as under the contract also be returned, that is, the unearned portion thereof. G. S. 1913, § 3305.

There was no attempt here to cancel the insurance in the manner so provided or at all. It was not canceled by the automatic sus-

pension of membership, and was valid and in force at the time of the loss. A construction of the contract in harmony with the contentions of defendant would require a rejection of the express cancelation provisions, as well as a disregard of the statute. This cannot be done. Defendant gave no notice of cancelation, and still retains the promissory notes given by plaintiff in payment of the premiums.

Our conclusions therefore concur with those of the learned trial court, from which it follows that the judgment appealed from must be affirmed.

It is so ordered.