CHRIST KVALE v. FARMERS MUTUAL FIRE INSURANCE COMPANY.[1]

March 13, 1925.

No. 24,444.

**Cancelation of policy in township mutual fire insurance company.**
   Following Illett v. North Star F. M. Ins. Co. 156 Minn. 128, and Clark v. Rochester F. M. F. Ins. Co. 161 Minn. 476, 201 N. W. 930, it is *held* that the mere failure to pay an assessment levied against a member of a township mutual fire insurance company does not terminate the contract of insurance, and that to defeat a recovery the policy must be canceled.
*Headnote.   See Fire Insurance, 26 C. J. p. 269, § 337.

[1]Reported in 202 N. W. 491.

Action in the district court for Renville county. The case was tried before Qvale, J., who dismissed the action on the merits. From an order. denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Freeman & Smith* and *William Lee,* for appellant.

*Lindquist & Nordstrom* and *C. A. Fosnes,* for respondent.

LEES, C.

Appeal from an order denying a new trial of an action on a policy of fire insurance. The defense was a failure to pay assessments and a cancelation of the policy.

The policy was issued March 10, 1920. The term of insurance was five years. The fire occurred on August 15, 1922. On October 1, 1920, and on March 20, 1922, defendant levied assessments against its members. Plaintiff's assessments were $6.90 and $7.60, respectively. He failed to pay them after due notice. He offered to pay after the fire, but defendant refused to accept payment. The court found that plaintiff had failed to perform his part of the contract of insurance, and as a consequence his policy had lapsed before the date of the fire.

It appears from the evidence that when the policy was issued plaintiff paid the required membership fee; that he knew it was his duty to pay the assessments and that his only excuse for not paying them was that he had no money; that, immediately after the fire, he notified defendant of his loss and on September 2, 1922, the board of directors appointed a committee to investigate, with directions to report on September 7; that the committee visited plaintiff's farm, made an itemized statement of the property destroyed, and reported to the board at the appointed time; that thereupon the board called a special meeting of the members, to be held on September 30, 1922, to determine whether the loss should be paid, and that at this meeting the members voted against paying the claim because plaintiff had failed to pay the assessments.

There was evidence tending to show that a record of the policy was entered in the register of policies and that on September 30,

1922, an entry of its cancelation was made in the register by the secretary pursuant to instructions from the board. Something was said about a cancelation at a meeting in July, 1922, but we have searched the record in vain for any satisfactory evidence of a July meeting of either the directors or members. The annual meeting of the members was held in May, and if, in fact, another meeting was held in July, at which the secretary was directed to cancel the policy, the able counsel for defendant would not have failed to make proof thereof, for the cancelation or noncancelation of the policy prior to August 15 was the one vital issue in the case. The findings made no reference to a cancelation of the policy in July, or at any other time, and it is quite apparent that the case was tried and decided on the theory that the failure to pay the assessments ipso facto effected a cancelation of the policy.

In Clark v. Rochester F. M. F. Ins. Co. 161 Minn. 476, 201 N. W. 930, we held that the mere failure to pay an assessment levied against a member of a township mutual fire insurance company does not defeat a recovery on the policy; that, to terminate the rights of the policyholder, the policy must be canceled in accordance with its provisions, and that, if it makes no provision for cancelation, the statutory mode of cancelation must be followed. Under this rule, unless the policy now under consideration provides for an automatic lapse if assessments are not paid, the defendant could not defeat a recovery.

The policy makes the constitution and by-laws a part of the contract of insurance. The only pertinent provision of the constitution reads:

"Any person wishing to become a member of this society shall pay into the treasury of the society an admission fee of two dollars ($2.00) and such other sums as the board of directors may from time to time assess against him to cover loss caused by fire or lightning; * * * and the refusal or neglect of any member to pay such assessment within such time as may be fixed in the by-laws or by a vote of the board of directors shall terminate his or her connection with said society, and cause such member to forfeit all his or her privileges therein. * * *

The only by-law applicable reads:

"It shall be the duty of every member, not later than thirty (30) days after the secretary has sent a written notice, in which the exact amount assessed to each individual member shall be indicated, to pay to the treasurer the amount assessed. If this is neglected or refused, the secretary shall on behalf of the company add 10 per cent to the amount assessed and at once proceed to collect the amount by law. * * *"

There is nothing in this language to warrant a holding that the mere failure of a policyholder to pay an assessment works a forfeiture of his insurance.

Following Clark v. Rochester F. M. F. Ins. Co. 161 Minn. 476, 201 N. W. 930, and Illett v. North Star F. M. Ins. Co. 156 Minn. 128, 194 N. W. 1, we hold that since at no time before the fire was the policy canceled in the manner prescribed by statute, the defense pleaded was not established.

Order reversed and a new trial granted.